**John Mark MANGTHAG, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-71849

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 16, 2017

John Mark Mangthag, Pro Se

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Stefanie A. Svoren-Jay, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

John Mark Mangthag, a native and citizen of the Federated States of Micronesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), and for abuse of discretion the denial of a motion to remand, *Malhi v.*

*INS*, 336 F.3d 989, 993 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We do not consider Mangthag's contentions from his opening brief that he did not raise to the BIA, including his challenges to his underlying state court criminal proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

We reject Mangthag's contentions that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We otherwise lack jurisdiction to review the agency's discretionary denial of Mangthag's request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

Finally, the BIA did not abuse its discretion by declining to remand Mangthag's case where he did not express a fear of return to the IJ, and did not submit any new facts or an asylum application on appeal to the BIA. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.